IN THE SUPREME COURT OF NORTH CAROLINA

No. 260PA22

Filed 18 October 2024

JAY SINGLETON, D.O., and SINGLETON VISION CENTER, P.A.

v.

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROY COOPER, Governor of the State of North Carolina, in his official capacity; MANDY COHEN, North Carolina Secretary of Health and Human Services, in her official capacity; PHIL BERGER, President Pro Tempore of the North Carolina Senate, in his official capacity; and TIM MOORE, Speaker of the North Carolina House of Representatives, in his official capacity

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 284 N.C. App. 104 (2022), dismissing in part and affirming in part an order entered on 11 June 2021 by Judge Michael O'Foghludha in Superior Court, Wake County. Heard in the Supreme Court on 17 April 2024.

*Joshua Windham, Renée Flaherty, and Daniel Gibson for plaintiff-appellants.*

*Joshua H. Stein, Attorney General, by Ryan Y. Park, Solicitor General, Nicholas S. Brod, Deputy Solicitor General, Derek L. Hunter, Special Deputy Attorney General, and John H. Schaeffer, Assistant Attorney General, for defendant-appellees.*

*Fox Rothschild LLP, by Marcus C. Hewitt, for Bio-Medical Applications of North Carolina, Inc., amicus curiae; and Gary S. Qualls, Susan K. Hackney, and Anderson M. Shackelford for the Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health, University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health, and Cumberland County Hospital System, Inc., d/b/a Cape Fear Valley Health System, amici curiae.*

*B. Tyler Brooks for Certificate of Need Scholars Thomas Stratmann, Christopher Koopman, and Matthew Mitchell, amici curiae.*

*Sellers, Ayers, Dortch & Lyons, P.A., by Elliot M. Engstrom, for Goldwater Institute, amicus curiae.*

*Jonathan D. Guze for the John Locke Foundation and Professor John V. Orth, amici curiae.*

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, by Iain M. Stauffer, for NCHA, Inc. d/b/a the North Carolina Healthcare Association, the North Carolina Healthcare Facilities Association, the North Carolina Chapter of the American College of Radiology, Inc., the North Carolina Senior Living Association, and the Association for Home and Hospice Care of North Carolina, amici curiae; and Parker Poe Adams & Bernstein LLP, by Robert A. Leandro, for the North Carolina Ambulatory Surgical Center Association, amicus curiae.*

PER CURIAM.

This case involves a constitutional challenge to a series of statutes commonly known as the Certificate of Need law. *See* N.C.G.S. § 131E-175 *et seq.* (2023). Plaintiffs brought claims alleging that the Certificate of Need law violates their rights under the Monopolies Clause, Exclusive Emoluments Clause, and Law of the Land Clause of the North Carolina Constitution. *See* N.C. Const. art. I, §§ 19, 32, 34.

Plaintiffs described their constitutional claims as "as-applied" challenges in the complaint. Both the trial court and the Court of Appeals accepted plaintiffs' characterization of these claims and evaluated the claims as as-applied challenges.

After oral argument at this Court, we requested supplemental briefing from the parties on two issues, including the following: "Whether plaintiffs' constitutional claims, based on the facts alleged in the complaint, are facial challenges, as-applied challenges, or both, and what implications this has for our review of the Court of Appeals' decision and the trial court's order."

After reviewing the parties' submissions, we conclude that plaintiffs' complaint asserts both facial and as-applied challenges. We recognize that plaintiffs initially characterized their claims as "as-applied" challenges and expressly sought declaratory and injunctive relief "as applied to Plaintiffs." But when courts distinguish between facial and as-applied challenges, the "label is not what matters." *Doe v. Reed*, 561 U.S. 186, 194 (2010). When the "plaintiffs' claim and the relief that would follow" could "reach beyond the particular circumstances of these plaintiffs," then that claim becomes "a facial challenge to the extent of that reach." *Id.*

Here, plaintiffs' complaint alleges facts that could undermine the Certificate of Need law's constitutionality far beyond the particular circumstances of these plaintiffs. Indeed, in their supplemental briefing, plaintiffs acknowledge that, should they prevail, the "need for relief that extends beyond [plaintiffs] will likely arise here" and "will likely entail facial relief."

We agree. The complaint contains allegations that, if proven, could render the Certificate of Need law unconstitutional in all its applications. *See In re Certificate of Need for Aston Park Hosp., Inc.*, 282 N.C. 542, 551–52 (1973). Accordingly, plaintiffs' complaint asserts both facial and as-applied challenges to the Certificate of Need law.

This is a crucial determination because a facial constitutional challenge to the validity of an act of the General Assembly is governed by additional jurisdictional and procedural criteria that do not apply to as-applied challenges. *See* N.C.G.S. § 1-267.1 (2023); N.C.G.S. § 1A-1, Rule 42(b)(4) (2023).

Because the trial court and the Court of Appeals mistakenly treated plaintiffs' claims exclusively as as-applied challenges, we vacate the decision of the Court of Appeals and remand this matter to the Court of Appeals with instructions to vacate the trial court's judgment and remand for further proceedings. On remand, the trial court should proceed as provided in N.C.G.S. § 1-267.1 and N.C.G.S. § 1A-1, Rule 42(b)(4).

Because we vacate the decision of the Court of Appeals on this basis, we need not address plaintiffs' challenges to that decision asserted in the briefing before this Court. However, for the benefit of the trial court on remand, we disavow the Court of Appeals' jurisdictional analysis concerning the exhaustion of administrative remedies and direct the trial court to this Court's recent decisions in *Askew v. City of Kinston*, 902 S.E.2d 722 (N.C. 2024), and *Kinsley v. Ace Speedway Racing, Ltd.*, 904 S.E.2d 720 (N.C. 2024).

VACATED AND REMANDED.